**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, LEXINGTON INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, SWISS RE CORPORATE SOLUTIONS ELITE INSURANCE CORPORATION, AXA XL INSURANCE COMPANY UK LIMITED and HELVETIA GLOBAL SOLUTIONS LTD, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 3:25-cv-00205-TES |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| SOUTHWEST ELECTRIC CO., | ) ) | |
| Defendant. | ) | |

**CONFIDENTIALITY AGREEMENT AND
CONSENT PROTECTIVE ORDER**

It is hereby stipulated and agreed by and between the respective parties hereto and their counsel and ordered by the Court that:

1.    This Consent Protective Order governs the production and handling of documents, testimony, interrogatory responses, and other information (collectively, "discovery materials") produced by the parties in connection with this lawsuit.

2.    A party producing discovery materials in response to a discovery request (hereinafter the "Producing Party") may designate as "Confidential" any

LEGAL\114851112\1

discovery materials that it in good faith believes to contain commercially sensitive or proprietary information. The Producing Party shall mark, label, or stamp the document as "CONFIDENTIAL" on the face of the document. The "Confidential" stamp will not obliterate or obfuscate any information on the document.

3.    Notwithstanding the designation of discovery materials as "Confidential," the restrictions of this Protective Order shall not apply to discovery materials that are:

    a.    Otherwise publicly available; or

    b.    Provided to one or more of the parties from a source other than the Producing Party, provided that such source did not:

        i.    Receive the discovery materials in question or the information contained therein under any confidentiality agreement or other restriction; or

        ii.    Provide the discovery material in question or the information contained therein to the Producing Party under such restriction.

4.    In the event that a party to this agreement objects to or disagrees with the Producing Party's designation of any item as confidential and subject to this Protective Order, that party shall send a written notice to counsel for the Producing Party specifying the item(s) in question. If an agreement cannot be reached

2

concerning the confidentiality of the item(s), the Objecting Party shall timely file a motion with the Court seeking a determination whether the item(s) is in fact subject to this Protective Order. The burden of persuading the Court that the Confidentiality designation is proper shall remain with the Producing Party. Any item(s) in dispute shall continue to be treated as Confidential and subject to this Protective Order until such time as the Court rules that it is not.

5.      Designation of a portion of a deposition transcript (including exhibits) as confidential shall be made by a statement to such effect on the record in the course of the deposition or within thirty days after receipt of the deposition transcript by the Producing Party. During those thirty days, the entire deposition transcript, including exhibits, shall be deemed confidential.

6.      Designation of discovery materials produced in a non-paper media or electronic form (e.g., video or audio recordings, computer disks, computer hard drives, thumb drives, etc.) may be made by any means practicable, including producing the materials in an envelope or container marked "CONFIDENTIAL," or by making the Confidential designation in the text of a transmittal email or message accompanying a drop box containing such materials.

7.      Access to all materials designated Confidential and produced for inspection or received in this lawsuit shall in the first instance be limited to counsel

LEGAL\114851112\1

of record for the named parties, in-house counsel, and attorneys and employees of those firms and the firms of counsel of record.

8.    Discovery materials designated as Confidential also may be shown by the Receiving Party to:

      a.    The parties to this action, including such employees, agents, and/or representatives of the parties as are necessary for the prosecution or defense of this litigation;

      b.    Any expert (including both consulting and/or testifying experts); and

      c.    Any person testifying at a deposition or at any hearing in this litigation, provided that questioning that person about confidential materials is within the scope of F.R.C.P. 26(b)(1).

Any disclosure to any such persons as set forth in paragraphs 5(a)-(c) above shall be made only upon the following terms and conditions:

      a.    Such persons must agree to abide by the terms of this Confidentiality Agreement and Protective Order as evidenced by his or her signature on the form annexed hereto as Exhibit A ("Agreement Concerning Material Covered by a Stipulation of Confidentiality and Protective Order").

LEGAL\114851112\1

b.  Counsel shall maintain each executed Agreement Concerning Material Covered by a Stipulation of Confidentiality and Protective Order and provide true and correct copies of all such Agreements Concerning Material Covered by a Stipulation of Confidentiality and Protective Order upon request of the other party.

c.  Should a non-party deponent decline to execute the Agreement Concerning Material Covered by a Stipulation of Confidentiality and Protective Order, the parties will work together to find an alternative means of protecting confidential information, such as redaction.

9.  All discovery materials designated as Confidential shall be used by the party receiving such discovery material (hereinafter the "Receiving Party") solely for the purposes of conducting this litigation. The material designated Confidential may be used by either party for any appropriate purpose at trial or other hearing, subject to evidentiary objections, if any, and for any legitimate purpose during discovery. The Receiving Party and all persons acting by, through, or on behalf of the Receiving Party of material designated Confidential pursuant to the terms of this Protective Order are prohibited from using such designated materials for any purpose other than for purposes of this litigation.

10.     Any party seeking to tender, submit, or file Confidential information with the Court under seal shall, after conferring with opposing counsel, submit a motion to file under seal explaining the nature of the documents to be filed under seal and the reasons filing under seal is necessary. The parties will work together to find alternative means of protecting confidential information, such as redaction.

11.     At the conclusion of the litigation of this matter, including any appeals, all Confidential discovery materials shall be either destroyed or returned with all reproductions of such materials to the Producing Party. Within thirty days of the conclusion of the litigation, the Receiving Party shall certify in writing that it has complied with the provisions of this paragraph and indicate the method of compliance.

12.     This Stipulation has no effect upon, and its scope shall not extend to, any party's use of its own Confidential information.

13.     The inadvertent failure of a Producing Party to designate discovery materials as Confidential shall not be deemed a waiver of the party's right to designate such discovery materials and correct any inadvertent failure to designate any material as Confidential. The production of such documents, depositions, or information shall not constitute a waiver of any privilege or other claim or right of withholding or Confidentiality that it may have.

14.    The inadvertent production of material protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection shall not constitute a waiver of such privilege or protection

15.    Upon learning that an inadvertent production of privileged material has occurred, the Producing Party shall notify the Receiving Party that the discovery materials were inadvertently produced and should have been withheld as privileged. The notice shall identify the specific document, or the portions of the document, that were inadvertently produced, and the first known date the document was produced. If the Producing Party claims that only a portion of the document was inadvertently produced, the Producing Party shall provide with the notice of Inadvertent Production a new copy of the document with the allegedly privileged portions redacted

16.    Upon receipt of the notice of inadvertent production, the Receiving Party promptly shall secure the specified document, any copies of it, and any notes that reproduce, copy, or otherwise disclose the substance of the privileged information. If the Receiving Party chooses not to contest the assertion of privilege, the Receiving Party shall promptly destroy or return the specified document to the Producing Party, any copies of it, and any notes that reproduce, copy, or otherwise disclose the substance of the privileged information.

LEGAL\114851112\1

17. By complying with its obligation to secure the specified document, any copies of it, and any notes that reproduce, copy, or otherwise disclose the substance of the privileged information, the Receiving Party does not waive any right it has to challenge the assertion of privilege or to request an order of the Court denying such privilege and ordering the Producing Party to return the specified document to the Receiving Party.

18. In the event the Receiving Party disputes the assertion of privilege, the Parties shall meet and confer and the Receiving Party shall either: (a) destroy or return the specified document to the Producing Party; or (b) present the specified document to the Court for an in camera inspection or under seal for a determination as to whether the specified document is protected from disclosure. Thereafter the Receiving Party shall make no direct use of the specified document or its contents, unless: (1) the Court declares that the privilege has been waived or the document or its contents are not privileged; (2) the Parties agree to the use of the document or its contents; or (3) the document or its contents are obtained by other, lawful means, including, but not limited to, other investigation, other discovery process, or Court order.

19. Entering into, agreeing to, and/or producing materials or otherwise complying with the terms of this Stipulation shall not prejudice in any way the rights of the Producing Party to:

LEGAL\114851112\1

a.  Object to the production of documents it considers not subject to discovery; or

b.  Seek a determination of whether particular discovery materials should be produced.

20.  No part of the restrictions imposed by this Protective Order may be terminated, except by written agreement executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The termination of this litigation shall not automatically terminate this Protective Order.

21.  The parties agree that this Protective Order may be executed in a number of counterparts, each of which shall be considered an original instrument, but all of which together shall be considered one and the same instrument.

It is SO ORDERED, this the 16th day of ___April___, 2026.

s/Tilman E. Self, III
Judge Tilman E. (Tripp) Self
U.S. District Court for the Middle District of
Georgia

9

**PREPARED BY:**

COZEN O'CONNOR

*/s/ Coryne Leyendecker*
Thomas G. Tidwell
Georgia Bar No. 712110
Coryne Leyendecker
Georgia Bar No. 145953
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, GA  30309
Telephone:   (404) 572-2052
Facsimile:    (877) 728-1396
E-mail:        ttidwell@cozen.com
                   cleyendecker@cozen.com
*Attorneys for Defendant*

**CONSENTED TO BY:**

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC

*/s/ George D. Pilja (signed with express consent)*
George D. Pilja, admitted *pro hac vice*
Michael S. Errera, admitted *pro hac vice*
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5000
e-mail: gpilja@fgppr.com
e-mail: merrera@fgppr.com

      *and*

BURKE MORRE LAW GROUP, LLP

Eric R. Mull
Georgia Bar No. 556860
Reid Elizabeth Evans
Georgia Bar No. 896865

LEGAL\114851112\1

235 Peachtree Street, Suite 1900
Atlanta, Georgia 30303
e-mail: emull@burkemoore.com
e-mail: revans@burkemoore.com

*Attorneys for Plaintiffs*

LEGAL\114851112\1